**SO ORDERED.**

**SIGNED this 27 day of July, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| **MARY THERESA SCOTT,** | **CASE NO. 10-00794-8-JRL** |
| **DEBTOR.** | **Chapter 7** |

**METROPOLITAN HEALTH CORPORATION
d/b/a METROPOLITAN HOSPITAL, a Michigan
corporation, and MICHAEL FAAS,**
    **Plaintiffs**

            **v.**

**MARY THERESA SCOTT,**
    **Defendant**

**ADVERSARY PROCEEDING
NO. 10-00101-8-JRL**

**ORDER**

This matter came before the court on the defendant's motion to stay execution pending appeal. A hearing was held on July 26, 2011, in Raleigh, North Carolina.

The defendant, Mary Scott, filed a voluntary chapter 7 bankruptcy petition on February 3, 2010. On May 5, 2010, the plaintiffs, Metropolitan Health Corporation and Michael Faas, filed the instant adversary proceeding to determine the dischargeability of a debt owed to them. The debt is based on two orders issued in 2005 by the United States District Court for the Western District of Michigan, requiring Ms. Scott to pay $18,966.40 in statutory costs pursuant to 28

U.S.C. §1920 and $1,608,268.80 in attorneys' fees and expenses as sanctions for litigation misconduct. This court granted summary judgment in favor of the plaintiffs on February 17, 2011, declaring the $1,608,268.80 sanctions debt nondischargeable and the $18,966.40 in statutory costs dischargeable. After applying the principles of collateral estoppel, this court found the District Court made findings that the judgment was based on a willful and malicious injury, and thus a nondischargeable debt. The defendant moved to reconsider the order on the grounds that, out of equity, the court should not apply collateral estoppel to the orders of the District Court. On June 6, 2011, this court denied the motion to reconsider.

The defendant has appealed the February 17, 2011, and June 6, 2011 orders. The plaintiff seeks to begin execution of the judgment and in particular, commence discovery of the defendant's assets. A stay pending appeal, pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure, is a type of preliminary injunction, and therefore the court considers the same factors before issuing one. In re Tolco Props., Inc., 6 B.R. 490 (Bankr. E.D. Va. 1980) (citations omitted). This court is confident in its application of the doctrine of collateral estoppel to the District Court's decision, but acknowledges that the lack of evidentiary hearing was troubling and that the defendant might be successful in arguing against application of the doctrine on appeal. Furthermore, the defendant stands to suffer substantial financial harm defending the execution compared to the lack of harm suffered by the plaintiff in waiting until after the appeal. The plaintiff's discovery efforts are largely based on historical fact and prepetition activities. Staying discovery of such information will not result in harm. Finally, it is in the public interest to allow appeal of a dischargeability action before execution of the judgment commences where the other factors for granting a stay are present.

-2-

Based on the foregoing, the motion to stay execution pending appeal is **ALLOWED**.

**END OF DOCUMENT**